United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:17-225-3** |
| | § | |
| **STEVEN DOUGLAS SCHAD,** | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Pending before the Court is Defendant Steven Douglas Schad's Emergency Motion to Modify the Imposed Term of Imprisonment. D.E. 115.

**I. BACKGROUND**

In 2017, Defendant pled guilty to conspiracy to possess with intent to distribute more than 47.59 grams of methamphetamine. He has served roughly 36 months (30%) of his 120-month sentence and has a projected release date of November 8, 2025. Citing 18 U.S.C. § 3582(c)(1)(A) and the recently-enacted CARES Act, Defendant now moves the Court to order that he be allowed to serve the remainder of his sentence in home confinement because he fears contracting COVID-19 while in prison.

**II. 18 U.S.C. § 3582**

**A. Legal Standard**

18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant

1

has fully exhausted all administrative rights to appeal a
failure of the Bureau of Prisons to bring a motion on the
defendant's behalf or *the lapse of 30 days from the receipt
of such a request by the warden of the defendant's facility,*
whichever is earlier, may reduce the term of imprisonment
(and may impose a term of probation or supervised release
with or without conditions that does not exceed the
unserved portion of the original term of imprisonment),
after considering the factors set forth in section 3553(a) to
the extent that they are applicable, if it finds that—
>    (i) *extraordinary and compelling reasons warrant such
>    a reduction* . . . and that such a reduction is consistent
>    with applicable policy statements issued by the
>    Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce

a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. §

3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the

reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United

States Sentencing Commission policy statement provides that extraordinary and compelling

reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious
and advanced illness with an end of life trajectory). A specific
prognosis of life expectancy (i.e., a probability of death within a
specific time period) is not required. Examples include metastatic
solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage
organ disease, and advanced dementia.
(ii) The defendant is—
>    (I) suffering from a serious physical or medical condition,
>    (II) suffering from a serious functional or cognitive impairment, or
>    (III) experiencing deteriorating physical or mental health because
>    of the aging process, that substantially diminishes the ability of the
>    defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover.

**(B)  Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**

(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)."  U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### B. Analysis

Defendant is 31 years old and has served less than one third of his sentence. He states that he has a "mechanical heart valve," "is suffering from a stroke," and "has now been diagnosed with aphasi[a]" (D.E. 115, p. 2); however, he has offered no medical records supporting his claim that he has been diagnosed with a serious medical condition that makes him particularly vulnerable to severe illness or death should he contract COVID-19.[1] The BOP has also not determined that any other extraordinary and compelling reason exists to support Defendant's release, nor has it certified that Defendant poses no danger to the community, that he is at no substantial risk of engaging in criminal conduct if released, or that his release to home detention will result in a substantial net reduction of costs to the Federal Government. In fact, Defendant does not even claim to have pursued his remedies within the BOP before petitioning the Court for compassionate release as required.

"Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL

---

1. According to the Centers for Disease Control and Prevention, "older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." *See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?*. These conditions include: chronic lung disease; moderate to severe asthma; serious heart conditions; severe obesity; diabetes; chronic kidney disease; and liver disease. Also at a higher risk are people who are immunocompromised due to cancer treatment; smoking; bone marrow or organ transplantation; immune deficiencies; poorly controlled HIV or AIDS; and prolonged use of corticosteroids and other immune weakening medications. *Id.*

1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). *See also, e.g.*, *United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020). ("While the Court is well aware of the effects the Covid-19 pandemic . . . , § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Clark*, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying motion for compassionate release based on fears of contracting COVID-19 in prison where defendant conceded he had not exhausted administrative remedies).

Because Movant has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it.

### III. CARES ACT

In the alternative, Defendant moves the Court to order his immediate release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136.

#### A. Legal Standard

In a March 26, 2020, Memorandum, Attorney General William Barr directed the BOP Director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." March 26, 2020 Memo from the Attorney General, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, *available at* https://www.justice.gov/coronavirus/DOJ response (last visited 5/20/2020). The March 26 directive was limited to *eligible* "at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *Id.*

On March 27, 2020, the CARES Act was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

General Barr issued another Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, *available at* https://www.justice.gov/corona virus/DOJresponse (last visited 5/20/2020). General Barr directed the BOP Director to review all inmates with COVID-19 risk factors—not only those who were previously eligible for home confinement—starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 is materially affecting operations. *Id.* All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

### B. Analysis

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to

serve the remainder of their sentence in home confinement.[2] The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(b). Defendant's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is currently incarcerated in Fort Worth, Texas, which is located in the Northern District of Texas. Thus, assuming Defendant remains incarcerated in Fort Worth, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion to Modify the Imposed Term of Imprisonment (D.E. 115) is **DENIED**.

It is so **ORDERED** this 15th  day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

2.   Even if it did, Defendant has offered no evidence that he is considered at-risk for COVID-19 complications or that he is being housed at a facility where COVID-19 is materially affecting operations.