United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-225-3 |
| | § | |
| STEVEN DOUGLAS SCHAD, | § | |
|    Defendant. | § | |

### MEMORANDUM OPINION & ORDER

The matter before the Court is on remand from the United States Court of Appeals for the Fifth Circuit. *See* D.E. 129, 130. Now pending are Defendant Steven Douglas Schad's Motion for Order Reduction in Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A) (D.E. 120) and Emergency Motion for Order Reducing Sentence Pursuant to 18.U.S.C. § 3582(c)(1)(A)(i) (D.E. 123).

**I. Background**

Defendant is currently serving a 120-month sentence for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. He moves the Court to reduce his sentence to time served and add a condition of home confinement at the outset of his term of supervised release because his underlying medical conditions make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison.

The Court previously denied relief by written Memorandum Opinion & Order (MO&O) dated May 7, 2021, explaining, "Because Defendant is 'at little-to-no risk of severe COVID-19 after receiving his second Pfizer [COVID-19 vaccine] dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case.'" D.E. 125, p. 6 (quoting *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021), and collecting

cases). The Court further found that "Defendant's efforts at rehabilitation are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone." *Id.*, p. 7 (citing U.S.S.G. § 1B1.10, app. n.1(B)(iii)).

The Fifth Circuit vacated and remanded that decision, stating, "Because the district court denied Schad's motion without specifically considering the [18 U.S.C.] § 3553(a) factors, it abused its discretion." *Schad v. United States*, USCA No. 21-40393 (5th Cir. Nov. 3, 2021) (unpublished). The Court notes that it previously considered the § 3553(a) factors but found it was not necessary to analyze them in its written MO&O because Defendant had failed to show that his vulnerability to COVID-19 was extraordinary and compelling. Based on the Fifth Circuit's opinion, the Court will now further consider the factors set forth in § 3553(a) to determine whether Defendant is eligible for compassionate release.

## II. Legal Standard

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if it finds that—

> (i) *extraordinary and compelling reasons warrant such a reduction . . .* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

## III. Analysis

Defendant was charged with conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and possession with intent to distribute more than 5 grams of methamphetamine after he and a fellow co-conspirator sold 47.59 grams of actual methamphetamine to an undercover AFT agent. Defendant pled guilty to the conspiracy charge and was sentenced to a mandatory minimum 120 months' imprisonment. He has served approximately 56 months (47%) of his sentence and has an anticipated release date, after good time credit, of November 8, 2025. He is currently housed at the Federal Medical Center in Fort Worth, Texas, due to his medical history of stroke and an aortic heart valve replacement.

As detailed in his Presentence Investigation Report (PSR, D.E. 66), Defendant's criminal history score totaled 24 and included scored convictions for unlawful possession of Alprazolam, possession of cocaine (three convictions), evading arrest with a vehicle, failure to identify, possession of methamphetamine, theft, unlawful possession of a firearm by a felon, and

hindering apprehension or prosecution. His probation was revoked by the State of Texas for three of these offenses, and he committed the instant offense while on parole.

Having considered the factors set forth in § 3553(a), the Court finds that a 56-month sentence for an offense that carries a mandatory minimum of 120 months would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes of Defendant. The Court further finds that Defendant's medical records reflect that he is receiving needed medical treatment at FMC Fort Worth. Finally, given Defendant's history of violating the terms of his state probation and parole, an alternative sentence of home confinement or supervision would be inappropriate in this case.

## IV. Conclusion

For the foregoing reasons, as well as the reasons set forth in Docket Entry 125, which is incorporated by reference as if set forth fully herein, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission. Defendant's Motion for Order Reduction in Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A) (D.E. 120) and Emergency Motion for Order Reducing Sentence Pursuant to 18.U.S.C. § 3582(c)(1)(A)(i) (D.E. 123) are therefore **DENIED**.

It is so **ORDERED** this 15th day of December, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE